UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

_____

John Nesse and Tim Mackey as Trustees of the Minnesota Laborers Health and Welfare Fund, Tim Mackey and John Nesse as Trustees of the Minnesota Laborers Pension Fund, Tammy Braastad and Tim Mackey as Trustees of the Minnesota Laborers Vacation Fund, Tim Mackey and Fred Chase as Trustees of the Construction Laborers' Education, Training, and Apprenticeship Fund of Minnesota and North Dakota, Mark Ryan and Dave Borst as Trustees of the Minnesota Laborers Employers Cooperation and Education Trust, the Minnesota Laborers Health and Welfare Fund, the Minnesota Laborers Pension Fund, the Minnesota Laborers Vacation Fund, the Construction Laborers' Education, Training, and Apprenticeship Fund of Minnesota and North Dakota, and the Minnesota Laborers Employers Cooperation and Education Trust,

    Plaintiffs,

vs.

Green Nature-Cycle, LLC,

    Defendant.
_____

Case No. _____

**COMPLAINT**

Plaintiffs, as their Complaint against the Defendant, state and allege as follows:

**IDENTITY OF PARTIES, JURISDICTION, VENUE**

1. Plaintiffs in their representative but not individual capacities are representative Trustees of the Minnesota Laborers Health and Welfare Fund, the Minnesota Laborers Pension Fund, the Minnesota Laborers Vacation Fund, the

Construction Laborers' Education, Training, and Apprenticeship Fund of Minnesota and North Dakota, and the Minnesota Laborers Employers Cooperation and Education Trust ("Funds").

2.     The Funds are multi-employer jointly-trusteed fringe benefit plans created and maintained pursuant to § 302(c)(5) of the Labor Relations Management Act of 1974 ("LMRA"), as amended, 29 U.S.C § 186(c)(5).  The Funds are administered in accordance with the provisions of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended 29 U.S.C. § 1001, et seq.  The Funds are exempt from federal income taxation pursuant to the Internal Revenue Code.

3.     Defendant Green Nature-Cycle, LLC ("Green Nature-Cycle") is a Minnesota limited liability company with a registered address of 7365 Howard Lane, #233, Eden Prairie, Minnesota 55436.  Green Nature-Cycle is an employer within the meaning of Section (3)(5) of ERISA, 29 U.S.C. § 1002(5).

4.     This is an action by the Funds' Trustees as fiduciaries to collect unpaid fringe benefit contribution payments.  Subject matter jurisdiction over this controversy, therefore, is conferred upon this Court without regard to the amount in controversy by ERISA § 502(e)(1), 29 U.S.C. § 1132(e)(1); ERISA § 502(f), 29 U.S.C. § 1132(f), ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3); and ERISA § 515, 29 U.S.C. § 1145.  Subject matter jurisdiction is also conferred by LMRA § 301, 29 U.S.C. § 185 and the federal common law developed thereunder.

5.     The Funds are administered in Dakota County, Minnesota, therefore, venue is proper in this court pursuant to ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2).

## **FACTS**

6. The Funds re-allege and incorporate by reference paragraphs 1-5 herein.

7. Since at least March 7, 2017, Green Nature-Cycle been bound to the terms of a collective bargaining agreement negotiated between a multi-employer bargaining committee of Landscape contractors and the Laborers District Council of Minnesota and North Dakota on behalf of its affiliated Local Unions with a term of May 1, 2014 through April 30, 2017 ("CBA"), the terms of which are incorporated herein by reference.

8. Green Nature-Cycle is bound to the CBA through at least April 30, 2018.

9. The CBA provides that Green Nature-Cycle is bound to the Trust Agreement for each of the following: the Minnesota Laborers Health and Welfare Fund, the Minnesota Laborers Pension Fund, the Minnesota Laborers Vacation Fund, the Construction Laborers' Education, Training, and Apprenticeship Fund of Minnesota and North Dakota, and the Minnesota Laborers Employers Cooperation and Education Trust.

10. The CBA requires Green Nature-Cycle to maintain adequate records to identify the type of work being performed by its Employees to allow the Funds to determine whether Green Nature-Cycle is accurately reporting hours to the Funds including contemporaneously accurate documentation showing what employees performed what CBA-covered work on what projects for what hours on what given date, *i.e.*, the information typically maintained on timecards.

11. Independent of the CBA, 29 U.S.C. § 1059 requires employers such as Green Nature-Cycle to maintain and preserve contemporaneously accurate documentation showing what employees performed what CBA-covered work on what projects for what hours on what given date.

12. The CBA requires Green Nature-Cycle to contribute every month, not later than the 15th day of the following month, contributions to the Funds in an amount set forth in the CBA for each hour worked by employees covered by the CBA.

13. The CBA requires Green Nature-Cycle to accurately report and calculate the contributions due and owing in any given month to the Funds on a remittance report form which must be submitted with Green Nature-Cycle's monthly payment to the Funds.

14. The CBA states that Green Nature-Cycle shall be considered delinquent for a particular month if the required report and payment are not postmarked on or before the 15th day of the following month.

15. The CBA further requires Green Nature-Cycle to promptly furnish to the Trustees of the Funds or their authorized agents on demand federal forms W2s and W3s, federal quarterly 941 forms, federal forms 1099s and 1096s, Minnesota Unemployment Quarterly Reports (MUTAs or MN UCs) or such similar state required quarterly reports, time cards, payroll and check registers and any other relevant information that may be required in connection with the administration of the Funds.

16. The CBA states that if Green Nature-Cycle fails or refuses to furnish any of their records to the Trustees of the Funds or their authorized agents upon demand or refuse to afford the Trustees of the Funds or their authorized agents reasonable opportunity to examine the same in accordance with standard auditing procedures, the Trustees of the Fund may enforce such right by legal action, in which event all attorney fees, services fees, filing fees, court reporter fees, and other legal costs and disbursements, as well as the auditing fees and costs incurred in conducting the audit shall be paid by Green Nature-Cycle.

17. If Green Nature-Cycle fails to maintain satisfactory records from which the type of work being performed by an individual may reasonably be determined, Green Nature-Cycle is liable for all of the hours worked by that individual for whom Green Nature-Cycle is unable to produce satisfactory records verifying the type of work being performed by that individual.

18. The CBA prohibits Green Nature-Cycle from subcontracting any work covered by the CBA to any person, firm, or corporation which is not in a contractual relationship with the Laborers International Union of North America or any its affiliated Local Unions.

19. The CBA states that if Green Nature-Cycle becomes delinquent, Green Nature-Cycle shall be required to pay as liquidated damages an amount equal to 10% of the payment otherwise due.

20. The CBA states that if Green Nature-Cycle becomes delinquent, Green Nature-Cycle shall be required to pay interest on all delinquent contributions at the rate prescribed by the Trustees of the Funds in the Trust Agreements.

21. The CBA states that delinquent employers shall be required to pay all costs of collection actually incurred by the Funds, including all attorneys' fees, auditing fees, service fees, filing fees, court reporter fees, and all other fees, costs, disbursements incurred by or on behalf of the Funds in collecting amounts due.

## COUNT I
## BREACH OF CONTRACT/FAILURE TO PERMIT REQUESTED AUDIT

22. The Funds re-allege and incorporate by reference paragraphs 1-22 herein.

23. The Funds' authorized agent requested that Green Nature-Cycle produce a complete set of payroll and employment records as specified in the CBA and Trust Agreements for the period of March 2017 through the present ("Audit Period").

24. Green Nature-Cycle breached the terms of the CBA and Trust Agreements by failing and refusing to produce the requested payroll and employment records for the Audit Period.

25. Upon information and belief, Green Nature-Cycle employed individuals during the Audit Period on whose behalf accurate reports and contributions are due and owing.

26. Unless Green Nature-Cycle is ordered to specifically perform the obligation to produce the records and permit the audit and is enjoined from further obstruction of such procedure, the Funds will have no means of verifying the proper amounts due and owing to them, nor will the Funds have adequate means of ascertaining the proper allocation of such contributions to Green Nature-Cycle's employees pursuant to ERISA and the CBA.

27. In the absence of this court's order as requested, the Funds are without adequate remedy at law and will be subject to irreparable harm.

28. Green Nature-Cycle should be enjoined from further refusal and failure to allow the Funds' authorized agent access to their relevant records pursuant to the CBA and ERISA.

29. Green Nature-Cycle is liable to the Funds for the CBA-obligated fringe benefit amounts for all hours worked by all employees for whom Green Nature-Cycle is

unable to produce satisfactory records verifying the type of work performed by any such individuals.

30. Pursuant to the CBA, Green Nature-Cycle is liable to the Funds for all attorney fees, service fees, filing fees, court reporter fees and other legal costs and disbursements, as well as the auditing fees and costs incurred in conducting such audit.

31. Green Nature-Cycle is liable to the Funds for interest charges on the unpaid contributions for the Audit Period pursuant to the CBA.

## COUNT II
## ERISA DAMAGES

32. The Funds re-allege and incorporate by reference paragraphs 1-32 herein.

33. The Funds are entitled to liquidated damages or double interest charges on any amounts found to be due and owing under ERISA § 502(g), 29 U.S.C. § 1132(g).

34. The Funds are entitled to attorneys' fees and costs incurred in this action under ERISA § 502, 29 U.S.C. § 1132.

35. The Funds are entitled to interest under ERISA § 502, 29 U.S.C. § 1132.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs demand judgment of this Court against Green Nature-Cycle LLC as follows:

1. For an Order adjudging that the Defendant is required to forthwith produce for inspection and audit for the period of March 2017 through the present any records reasonably deemed necessary to the performance of such audit by the Plaintiffs' authorized agent.

2. For an Order adjudging that Defendant is enjoined from further failure or refusal to produce such records and to permit such inspection, and from further obstruction of Plaintiffs' auditing procedures during the term of the CBA.

3. For judgment against the Defendant for all unpaid fringe benefit contributions discovered to be due pursuant to the audit of the period of March 2017 through the present plus all additional amounts to which the Plaintiffs are entitled, including interest and liquidated damages.

4. For an award of costs, disbursements and attorney fees according to law.

5. For such other and future relief as the Court deems just, equitable or proper.

Date: March 7, 2018　　　　　　　　　MCGRANN SHEA CARNIVAL
　　　　　　　　　　　　　　　　　　STRAUGHN & LAMB, CHARTERED

　　　　　　　　　　　　　　　　By:  s/ Amy L. Court
　　　　　　　　　　　　　　　　　　Carl S. Wosmek (Atty. No. 300731)
　　　　　　　　　　　　　　　　　　Amy L. Court (Atty. No. 319004)
　　　　　　　　　　　　　　　　　　Christy E. Lawrie (Atty. No. 388832)
　　　　　　　　　　　　　　　　　　800 Nicollet Mall, Suite 2600
　　　　　　　　　　　　　　　　　　Minneapolis, MN 55402
　　　　　　　　　　　　　　　　　　Telephone: (612) 338-2525
　　　　　　　　　　　　　　　　　　csw@mcgrannshea.com
　　　　　　　　　　　　　　　　　　alc@mcgrannshea.com
　　　　　　　　　　　　　　　　　　cel@mcgrannshea.com

　　　　　　　　　　　　　　　　*Attorney for Plaintiffs*